1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    DANA LEMANSKI,                                No. C-08-0548 EMC

9              Plaintiff,

10        v.                                       **ORDER GRANTING DEFENDANTS'
                                                   MOTION TO DISMISS**
11   REGENTS OF THE UNIVERSITY OF                  **(Docket No. 12)**
     CALIFORNIA, *et al.*,
12
               Defendants.
13   _____/

14

15        Defendants Johnson Controls, Inc. and Johnson Controls, Northern New Mexico

16   (collectively "Johnson") have moved to dismiss the first amended complaint ("FAC") filed by

17   Plaintiff Dana Lemanski.  Having considered the parties' briefs and accompanying submissions, as

18   well as the oral argument of counsel, the Court hereby **GRANTS** the motion.

19                      **I.    FACTUAL & PROCEDURAL BACKGROUND**

20        Mr. Lemanski initiated this action in state court.  In his FAC, he alleges that he worked as a

21   facilities engineer for a company named Holmes & Narver.  *See* FAC ¶ 8.  Holmes & Narver

22   contracted with Johnson to provide certain services, including at the Los Alamos National

23   Laboratory ("LANL"), which is operated and maintained by Johnson.  *See* FAC ¶¶ 7-8.  As part of

24   his job duties, Mr. Lemanski performed decommissioning and salvage operations in various LANL

25   facilities; he was also required to examine several burnt-out facilities.  *See* FAC ¶ 9.  According to

26   Mr. Lemanski, Johnson failed to inform him that there had been prior mercury spills in those

27   facilities.  In addition, it failed to inform him of the potential danger of mercury exposure from

28   damaged instrumentation.  *See* FAC ¶ 9. Mr. Lemanski alleges that, as a result of his work at the

**United States District Court**
For the Northern District of California

1   LANL, he was exposed to significant amounts of mercury which caused him to suffer permanent

2   personal injuries.  *See* FAC ¶ 10.

3       Based on the above and additional allegations in the FAC, Mr. Lemanski asserts the

4   following causes of action against Johnson: (1) negligence, (2) premises liability, (3) products

5   liability (negligence), (4) strict products liability (defective design), (5) strict products liability

6   (failure to warn), and (6) breach of implied warranty of merchantability.

7       Shortly after the FAC was filed, Johnson removed the case to federal court.  *See* Docket No.

8   1.  In the notice of removal, Johnson asserted that this Court had subject matter jurisdiction over the

9   case because "the claim purportedly asserted in the [FAC] is one of which the federal district courts

10  have original jurisdiction founded upon a claim arising under the laws of the United States,

11  including the Energy Employees' Occupational Illness Compensation Program Act of 2000, as

12  amended, 42 U.S.C. §§ 7384 *et seq.*"[1]  Docket No. 1.  Johnson then filed the currently pending

13  motion to dismiss.  *See* Docket No. 12.

14                          **II.   DISCUSSION**

15  A.   Legal Standard

16      Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon

17  which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule

18  12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of*

19  *Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint

20  are taken as true and construed in the light most favorable to the nonmoving party.  *See Cahill v.*

21  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).  "While a complaint attacked by a Rule

22  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

23  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

24  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

25  enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.

26

27      [1] After Defendant the Regents of the University of California was dismissed from the case,
    Johnson filed a supplemental notice of removal, stating that the Court also had diversity jurisdiction
28  over the case.  *See* Docket No. 31.

**United States District Court**

For the Northern District of California

Ct. 1955, 1964-65 (2007).  More specifically, there must be "plausible grounds" to support a claim for relief.  *Id.* at 1965.

In the instant case, Johnson's contends that Mr. Shaw has failed to state a claim for relief because, even if the Court takes all of the allegations in the FAC as true, all claims are subject to the Energy Employees' Occupational Illness Compensation Program Act ("EEOICPA") and, under the Act's exclusivity provision, Mr. Shaw may seek relief against the United States only, and then only after exhausting administrative remedies.

B.    EEOICPA

Congress initially enacted the EEOICPA in 2000 as a means to "provide[] benefits to individuals with illnesses caused by exposure to radiation and other toxic substances in the course of their work related to the nuclear weapon production and testing programs of the United States Department of Energy ('DOE') or its predecessor agencies."  *Jordan v. United States Dep't of Labor*, No. CV-07-5011-EFS, 2007 U.S. Dist. LEXIS 68934, at *2 (E.D. Wa. Sept. 17, 2007); *see also* 42 U.S.C. § 7384(8) (congressional finding that, "[t]o ensure fairness and equity, the civilian men and women who, over the past 50 years, have performed duties uniquely related to the nuclear weapons production and testing programs of the [United States] Department of Energy and its predecessor agencies should have efficient, uniform, and adequate compensation for beryllium-related health conditions and radiation-related health conditions.").

Under the Act, a covered employee is entitled to certain compensation and medical benefits for his or her occupational illness.  *See id.* §§ 7384s(a)(1), (b).  A covered employee is defined as a covered beryllium employee, a covered employee with cancer, and a covered employee with chronic silicosis.  *See id.* § 7384l(1).  In addition, after the Act was amended in 2004, a covered DOE contractor employee is also entitled to certain compensation.  *See id.* §§ 7385s-1, 7385s-2.  A covered DOE contractor employee "means any Department of Energy contractor employee determined under section 3675 [42 U.S.C. § 7385s-4] to have contracted a covered illness through exposure at a Department of Energy facility."  *Id.* § 7385s(1).  "The term 'covered illness' means an illness or death resulting from exposure to a toxic substance."  *Id.* § 7385s(2).

Important to this case, the EEOICPA has an exclusivity provision which provides that

(a)    [t]he liability of the United States or an instrumentality of the United States . . . is exclusive and instead of all other liability

 (1) of

  (A) the United States;

  (B) an instrumentality of the United States;

  (C) a contractor that contracted with the Department of Energy to provide management and operation, management and integration, or environmental remediation of a Department of Energy facility (in its capacity as a contractor);

  (D) a subcontractor that provided services, including construction, at a Department of Energy facility (in its capacity as a subcontractor) . . . .

*Id.* § 7385c(a).  It appears that this exclusivity provision applies to claims by covered DOE contractor employees suffering exposure to a toxic substance.  *See id.* § 7385c(d) (stating that "[t]his section applies with respect to subtitle E [42 U.S.C. § 7385s *et seq.*] to the covered medical condition or covered illness or death of a covered DOE contractor employee on the same basis as it applies with respect to subtitle B [42 U.S.C. § 7384l *et seq.*] to the cancer . . . , chronic silicosis, covered beryllium illness, or death of a covered employee").  Plaintiff does not contend otherwise.

Under the EEOICPA, a covered employee or a covered DOE contractor employee who seeks compensation cannot immediately file an action in federal court.  Rather, he or she must first make an administrative claim with the United States Department of Labor ("DOL").  *See Jordan*, 2007 U.S. Dist. LEXIS 68934, at *3; *see also* 20 C.F.R. § 30.100(a) ("To claim benefits under EEOICPA, an employee must file a claim in writing. . . . The employee's claim must be filed with [the Office of Workers' Compensation Programs in the DOL] . . . ."); *id.* § 30.319(d) ("A claimant may not seek judicial review of a decision on his or her claim under EEOICPA until OWCP's decision on the claim is final . . . .").

In the instant case, as stated above, Johnson contends that all of the claims asserted in the FAC are subject to the EEOICPA because the LANL is a DOE facility, *see* 69 Fed. Reg. 51825 (2004), and Mr. Johnson is a DOE contractor employee who allegedly contracted an illness through exposure to mercury, a toxic substance, at the facility.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  C.      Claims for Negligence and Premises Liability

2         Mr. Lemanski concedes that his first two claims -- *i.e.*, his claims for negligence and

3  premises liability -- should be dismissed because they are subject to the EEOICPA.  *See* Opp'n at 3.

4  Accordingly, the Court dismisses these claims.

5  D.      Remaining Claims

6         Mr. Lemanski argues, however, that his products liability claims as well as his claim for

7  breach of implied warranty of merchantability should not be dismissed because the exclusivity

8  provision of the EEOICPA applies only to liability of

9         (C)     a contractor that contracted with the Department of Energy to
           provide management and operation, management and
10          integration, or environmental remediation of a Department of
           Energy facility (*in its capacity as a contractor*); [or]
11
           (D)     a subcontractor that provided services, including construction,
12          at a Department of Energy facility (*in its capacity as a
           subcontractor*) . . . .
13

14  42 U.S.C. § 7385c(a)(1) (emphasis added).  According to Mr. Lemanski, with respect to the products

15  liability and breach of warranty claims, he is not suing Johnson in its capacity as contractor or

16  subcontractor.  Instead, he is suing Johnson in its capacity as a manufacturer or distributor of

17  defective products.

18         Mr. Lemanski's argument is not persuasive.  There is no dispute that Johnson was either a

19  contractor for the DOE or a subcontractor.  The complaint so alleges.  *See* FAC ¶ 7 (alleging that

20  Johnson operated and maintained the LANL).  While the FAC does includes an allegation that

21  "defendants" (presumably including Johnson) manufactured or distributed defective instruments

22  (defective because they contained mercury to which persons could be exposed and injured if the

23  instruments became damaged or destroyed) which caused injury to Mr. Lemanski while he was

24  working at the LANL, *see* FAC ¶¶ 31-32, if those instruments were at the LANL in conjunction with

25  Johnson's providing services as a contractor or subcontractor, the exclusivity provision applies.[2]

26  ─────────────────────

27         [2] As Johnson notes, "[t]he EEOICPA draws no distinction between what types of services a
   subcontractor performs at a DOE facility."  Reply at 3.

28         While the EEOICPA does specify that, with respect to exclusivity, a contractor's services are

United States District Court

For the Northern District of California

1   Although the Court draws all reasonable inferences in favor of Mr. Lemanski, the complaint does

2   not allege that the instruments were placed by Johnson at the LANL for reasons other in the course

3   of Johnson providing services as a contractor or subcontractor.

4          Accordingly, both the product liability claims and the claim for breach of implied warranty

5   of merchantability as currently alleged against Johnson are barred by EEOICPA and therefore

6   dismissed.

7          Dismissal of the claim for breach of implied warranty of merchantability is also warranted

8   because privity of contract is a prerequisite for recovery on such a claim.  *See Arnold v. Dow Chem.*

9   *Co.*, 91 Cal. App. 4th 698, 720 (2001) ("'there is no privity between the original seller and a

10  subsequent purchaser who is no way a party to the original sale'").  There are no allegations of such

11  privity between Plaintiff and Johnson in the FAC.  Nor are there any allegations in the FAC from

12  which it could be inferred that an exception to the privity rule is applicable.  *See Arnold v. Dow*

13  *Chem. Co.*, 91 Cal. App. 4th 698, 720 (2001) (noting that an exception to the rule "has been

14  recognized in the case of foodstuffs, and has been extended to drugs").[3]

15                                    **III.   CONCLUSION**

16         For the foregoing reasons, Johnson's motion to dismiss is granted in its entirety.  The Court,

17  however, shall give Mr. Lemanski leave to amend his complaint provided that he can state facts

18  consistent with Federal Rule of Civil Procedure 11 establishing claims not barred by EEOICPA.

19  Mr. Lemanski shall have thirty (30) days from the date of this order to file an amended complaint.  If

20  no amended complaint is filed, then the Clerk of the Court shall close the file in this case.

21  ///

22  ///

23  ///

─────────────────────

25  limited to those of providing management and operation, management and integration, or environmental
    remediation, Mr. Lemanski has alleged that Johnson provided such services.  *See* FAC ¶ 7 (alleging that
26  Johnson operated and maintained the LANL).

27      [3] In *Arnold*, the state court did note that the privity doctrine has been extended so that an
    employee can sue a vendor-manufacturer for an inherently dangerous instrumentality purchased by his
28  or her employer.  *See Arnold*, 91 Cal. App. 4th at 721.  But again the allegations in the FAC do not
    allege such a theory of privity.

1    As noted at the hearing on the motion to dismiss, the Court shall entertain, if necessary,

2  Johnson's motion to transfer venue if there are any claims that survive EEOICPA's exclusivity

3  provision.

4    This order disposes of Docket No. 12.

5

6    IT IS SO ORDERED.

7

8  Dated:  May 14, 2008

9  _____

10                              EDWARD M. CHEN
                              United States Magistrate Judge

**United States District Court**
For the Northern District of California